# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 16 cv 5979 and |
| v. ) | |
| ) | Case No. 16 cv 6447 |
| ANTHONY ADAMS, ) | |
| _____) | |
| ) | Judge Sharon Johnson Coleman |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| MYREON FLOWERS. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are two motions filed pursuant to 28 U.S.C. § 2255 to Set Aside, Correct, or Vacate defendants' sentences. In the interest of judicial efficiency, in light of the identical legal issue before the Court with these motions, the Court will address both matters in a single opinion. For the reasons stated below, this Court grants the motions and vacates the mandatory five-year sentences imposed under 18 U.S.C. § 924(c)(1)(A).

**Background**

Co-defendants Anthony Adams and Myreon Flowers each were charged by superseding information with conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a) (Count One), and knowing possession of a firearm in furtherance of a crime of violence (Count Two), namely conspiracy to commit robbery as charged in Count One of the superseding information, in violation of 18 U.S.C. § 924(c)(1)(A) in relation to their participation in plans to rob a fictitious stash house. Both Adams and Flowers pled guilty to the charges in the superseding information.

1

Adams and Flowers each admitted as part of the plea that he agreed with his co-defendants "to rob a purported stash house of at least 50 kilograms of cocaine, and to use firearms in furtherance of the robbery." Each defendant further admitted that on November 1, 2011, he and certain of co-defendants transported a toolbox containing three firearms to a meeting location in preparation for the robbery. The Court sentenced Adams to 27 months imprisonment on Count One and 60 months imprisonment on Count Two to run consecutively. Judgment was entered on July 15, 2014, on Adams' conviction. This Court sentenced Flowers to 44 months imprisonment on Count One and 60 months imprisonment on Count Two to run consecutively. Judgment was entered on September 11, 2014, on Flowers' conviction.

On June 21, 2016, both Adams and Flowers filed the motions now before the Court to vacate their convictions, arguing that Hobbs Act robbery conspiracy (Count One) is no longer a valid predicate for a violation of 18 U.S.C. 924(c) (Count Two) after *Johnson v. United States*, 135 S.Ct. 2251 (2015).

**Legal Standard**

A motion pursuant to section 2255 allows a person convicted in federal court to petition the sentencing court for an order vacating, setting aside, or correcting his sentence. 28 U.S.C. § 2255(a). The Court grants relief under section 2255 only in "extraordinary situations." *Hays v. United States*, 397 F.3d 564, 566 (7th Cir. 2005) (quoting *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996)). The burden is on the petitioner to establish that "the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Id.* at 566-67 (quoting *Prewitt*, 83 F.3d at 816).

**Discussion**

Both Adams and Flowers were sentenced to the mandatory minimum of 60 months' imprisonment under 18 U.S.C. § 924(c)(1)(A)(i), which applies to a defendant who uses or carries a firearm during the commission of any "crime of violence." The statute defines a "crime of violence" as a felony that either "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A) (force or elements clause), or "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the [felony]," *id.* § 924(c)(3)(B) (residual clause). Adams and Flowers each argue that the 60 month consecutive sentence for violation of section 924(c) cannot be sustained after *Johnson* (2015).

In *Johnson* (2015), the Supreme Court found unconstitutionally vague the residual clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e)(2)(B)(ii). *Welch v. United States*, 136 S.Ct. 1257 (2016), then gave that decision retroactive application on collateral review as a new constitutional rule. The Seventh Circuit Court of Appeals, applying *Johnson*, found the residual clause in section 924(c)(3)(B) likewise unconstitutionally vague. *United States v. Cardena*, 842 F.3d 959, 995-96 (7th Cir. 2016). More recently, in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), the Supreme Court held that the residual clause in 18 U.S.C. § 16(b), which is identical to the residual clause at issue here, is unconstitutionally vague. Thus, the sentences of Adams and Flowers cannot be sustained by the residual clause.

Due to the unconstitutionality of the residual clause, Adams' and Flowers' sentences in Count Two for conspiracy to commit Hobbs Act robbery must be grounded in the "force/elements clause" of 924(c)(3)(A). Defendants argue that the elements of Hobbs Act conspiracy do not satisfy the elements clause's requirement of the "use, attempted use, or threatened use of physical force," and thus does not qualify as a crime of violence under the force/elements clause. To prove Hobbs

3

Act conspiracy, the government must establish "that two or more persons agreed to commit an unlawful act, and that the defendant knowingly and intentionally joined in the agreement." *United States v. Haynes*, 582 F.3d 686, 698 (7th Cir. 2009), *abrogated on other grounds, United States v. Vizcarra*, 668 F.3d 516 (7th Cir. 2012). Courts use the categorical approach to determine whether an offense qualifies as a predicate, looking only to the statutory elements of the offense and not the underlying facts of the particular case. *See Descamps v. United States*, 133 S.Ct. 2276, 2283 (2013); *see also United States v. Coleman*, No. 14 CR 664, 2016 WL 1435696, at *2 (N.D. Ill. Apr. 12, 2016).

The government argues that Hobbs Act robbery conspiracy falls within the ambit of the force clause because it includes an agreement that "'portends' the use of force, because the existence of the conspiracy makes the occurrence of the conspiracy's object far more likely." (Dkt. 16 at 9). The government has not presented any authority recognizing the offense of Hobbs Act conspiracy as constituting a crime of violence under the force clause. The government cites several cases from other jurisdictions that hold Hobbs Act conspiracy to be a crime of violence under section 924(c)'s residual clause prior to its invalidation. (*See* Dkt. 16 at 9).

The weight of post-*Johnson* authority has found that conspiracy to commit a Hobbs Act robbery is not a crime of violence under section 924(c)'s force clause. *See, e.g., United States v. Pullia*, No. 16 C 6450, 2017 WL 5171218, at *4 (N.D. Ill. Nov. 8, 2017) (Leinenweber, J.); *Hargrove v. United States,* No. 16 C 7086, 2017 WL 4150718, at *3 (N.D. Ill. Sept. 19, 2017) (Lefkow, J.) ("Because neither of the elements of Hobbs Act conspiracy requires the conspirator to use, attempt, or threaten the use of physical force, Hobbs Act conspiracy does not categorically qualify as a crime of violence under § 924(c)'s force clause."); *United States v. Hernandez,* 228 F.Supp.3d 128, 138-39 (D. Me. 2017) ("I conclude that conspiracy to commit Hobbs act robbery is categorically not a crime of violence under the force clause of § 924(c)(3)(A)."); *Deering v. United States,* No. 15 C 8320, 2016 WL 7178461, at *3 (N.D. Ill. Dec. 8, 2016) (Lefkow, J.) (same); *United States v. Baires-Reyes,* 191 F.Supp.3d

4

1046, 1050-51 (N.D. Cal. June 7, 2016) ("[T]he force clause explicitly encompasses *attempted* use of physical force; by contrast, conspiracy is not specifically covered by Section 924(c)'s force clause....") (emphasis in original); *United States v. Smith,* 215 F.Supp.3d 1026, 1034 (D. Nev. 2016) ("Agreeing to commit a robbery does not necessarily involve the use, attempted use, or threatened use of physical force"); *United States v. Luong,* No. 2:99 CR 433, 2016 WL 1588495, at *2 (E.D. Cal. Apr. 20, 2016) (holding that conspiracy to commit Hobbs Act robbery did not satisfy the force clause because a jury would "not [be] required to find that [defendant] used, attempted to use, or threatened to use physical force in order to find him guilty of conspiracy"); *United States v. Edmundson,* 153 F.Supp.3d 857, 859 (D. Md. 2015) (finding it "undisputed that Hobbs Act Conspiracy can be committed even without the use, attempted use, or threatened use of physical force against the person or property of another"). This Court likewise finds that Hobbs Act conspiracy does not constitute a crime of violence under the force/elements clause of section 924(c) because the elements of the offense do not require the conspirator to use, attempt, or threaten the use of physical force. Accordingly, defendants' 60-month sentences on Count Two for possessing a firearm in furtherance of a crime of violence cannot constitutionally be grounded in their conviction for conspiracy to commit Hobbs Act robbery.

The government argues that Adams' and Flowers' section 2255 petitions are untimely and procedurally defaulted. This Court finds that *Johnson* and *Welch* (applying the *Johnson* rule retroactively) restarts the time for collateral review under 28 U.S.C. § 2255(f)(3) because defendants' petitions followed the Supreme Court's holding in *Johnson*, arguing that it should apply to the residual clause in section 924(c). Thus, their petitions are timely.

Although a defendant is generally barred from raising an argument on collateral review that was not raised on direct appeal, *see Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350-51(2006), a court may excuse procedural default if the defendants demonstrate "(1) both good cause for his failure to raise

5

the claims on direct appeal and actual prejudice from his failure to raise those claims, or (2) that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice." *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996) (citations omitted).

Good cause and actual prejudice are met here. Prior to the Supreme Court's holding in *Johnson* any appeal from their sentence would have been rejected because the Supreme Court had not yet suggested a constitutional infirmity with the residual clause. The government argues that defendants are still procedurally defaulted because *Johnson* only applied to the ACCA's residual clause and neither defendant here was sentenced under that provision. However, after the filing of their petitions, the Seventh Circuit in *Cardena*, applied *Johnson* to find the residual clause in section 924(c) unconstitutionally vague. Now that the Supreme Court has extended the rule of *Johnson* to another residual clause (18 U.S.C. §16(b)) with identical language to the residual clause in section 924(c), this Court has every reason to believe that the residual clause in section 924(c) suffers the same constitutional infirmity. In *Reed v. Ross*, the Supreme Court held that when "a constitutional claim is so novel that its legal basis is not reasonably available to counsel," good cause is shown. *Reed v. Ross*, 468 U.S. 1, 17 (1984); *Deering*, 2016 WL 7178461, at *3.

In *Yates v. United States*, 842 F.3d 1051, 1052 (7th Cir. 2016), *cert. denied*, 137 S. Ct. 1392, 197 L. Ed. 2d 567 (2017), the Seventh Circuit considered the propriety of the defendant's sentence under the "elements" clause of the ACCA even though his collateral attack after *Johnson* was based on the Supreme Court's finding that the residual clause is unconstitutionally vague. This Court likewise considers the conviction not just based on the residual clause of section 924(c) but also the force/elements clause. Accordingly, this Court finds that there was good cause for defendants' failure to raise this issue on direct appeal or earlier collateral attack.

There is no question that both Adams and Flowers would suffer actual prejudice if forced to serve the mandatory five-year sentence imposed under section 924(c). That sentence is

6

unconstitutional and the prejudice is obvious. Accordingly, Adams' and Flowers' procedural default is excused.

**Conclusion**

Based on the foregoing, this Court grants both Adams' and Flowers' 28 U.S.C. § 2255 motions to vacate their mandatory five-year sentence imposed under 18 U.S.C. § 924(c)(1)(A). Status hearing set for 7/11/2018 at 9:45 a.m. to schedule a date for resentencing.

IT IS SO ORDERED.

Date: 6/27/2018

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge